IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT WADE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-00041 |
| | § | |
| INTERNATIONAL SOS ASSISTANCE, | § | |
| INC., | § | JURY DEMANDED |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Robert Wade, ("Plaintiff") and files this Complaint, complaining of International SOS Assistance, Inc. ("Defendant"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, compensatory damages, punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for breach of contract and violations of the Family Medical Leave Act ("FMLA") suffered by Plaintiff in the course of his employment with Defendant.

2. Plaintiff demands a jury on all issues triable by jury.

## II.
## PARTIES

3. Plaintiff Robert Wade is a resident of Harris County, Texas.

4. Defendant International SOS Assistance, Inc. is a foreign corporation that is duly authorized to do business in the State of Texas. Service of Summons and this Complaint may be

made by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1343 (a)(3) and (4), and 1367.

7. This Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Further, so long as venue is proper against any one Defendant, the Court also has venue against all Defendants because Plaintiff's claim arise out of the same transaction, occurrence, or series of transactions.

10. This Court has jurisdiction over all claims in this action.

### IV.
### CONDITIONS PRECEDENT

11. All conditions precedent to recovery by Plaintiff have been performed or have occurred. No condition precedent to a defense or recovery of Defendant has occurred.

## V.
## FACTS

12. Plaintiff is a male.

13. Plaintiff is a former employee of Defendant.

14. Plaintiff was hired by Defendant on March 18, 2013 as a Principle of Consulting, Training and Healthcare Management at International SOS Assistance, Inc., and he reported to William Nelligan, Chief Executive Officer of the company.

15. On April 8, 2014, Plaintiff went to the doctor for a scheduled examination to perform a cardiac cathartic procedure. During Plaintiff's examination, his doctor determined there was a blockage on the left side of his heart. The doctor informed the Plaintiff that it was impossible to put a stint in the area needed to fix the blockage. Subsequently, Plaintiff was admitted to the hospital and scheduled for an emergency triple bypass surgery on April 10, 2014.

16. Shortly after, Plaintiff informed Defendant that he needed to take medical leave to give himself time to recover from his surgery and follow the doctor's post-operative instructions for his health.

17. Plaintiff was on medical leave from on or about April 14, 2014 to May 17, 2014.

18. Plaintiff returned to work from medical leave on May 19, 2014 under restrictive care from his doctor. Defendant changed Plaintiff's direct report from Nelligan to Jared Michau. Plaintiff could only perform light duties for eight hours a day, no lifting of anything heavier than twenty pounds, no driving, and instructed to work two half days per week to attend mandatory therapy, and not to travel. Plaintiff ensured that the company had a copy of the doctor's orders prior to his return to work.

19. On or about May 27, 2014, Plaintiff met with Deryl Rice, General Manager for Medical Services to discuss new developments on all his projects, which were assigned to Rice

when Plaintiff went on medical leave. Most importantly, Plaintiff met with Rice to inform him of his concerns about losing his job because he took medical leave. In response, Rice provided Plaintiff with a positive appraisal on his job performance and assured Plaintiff that he was not going to lose his job.

20. After Plaintiff returned from medical leave, he was subjected to retaliation, including but not limited, revoking Plaintiff's paid parking privileges, removing Plaintiff from his office, and putting him in a cubicle. In addition to the retaliation, he was placed in a hostile work environment by Shan McKinney, Regional Director, Consulting & Operations Medical Services. McKinney tried to sabotage Plaintiff's job by creating obstacles and making it difficult for Plaintiff to do his job effectively. Eventually McKinney's treatment towards Plaintiff became so belligerent that he filed a complaint against McKinney.

21. On September 12, 2014, Plaintiff made an email complaint to William Nelligan, Chief Executive Officer, against McKinney. Nelligan forwarded Plaintiff's complaint to the human resources department. In Nelligan's email, he asked Shannon Sherrill, Human Resources, to set up a meeting to address Plaintiff's complaint. A meeting was never scheduled. To Plaintiff's knowledge, his complaint was not investigated, and McKinney was not counseled, disciplined, or reprimanded for her conduct.

22. On January 8, 2015, Plaintiff was called into a conference room with Rice and Joan Stark, and Rice informed him that he was being terminated effective immediately. Rice explained to Plaintiff that his termination had nothing to do with his job performance. Instead, Plaintiff was told the reason for his termination was that he was "not the right cultural fit for this organization" without any additional explanation.

## VI.
## CAUSE OF ACTION – BREACH OF CONTRACT

23. Each and every allegation contained in the foregoing paragraphs are realleged as fully written herein.

24. Defendant breached its Employment Agreement with Plaintiff. It owes Plaintiff $100,000 in excess of unpaid commissions.

25. Plaintiff is entitled to receive the full amount for the commissions he earned as stated in his Employment Agreement.

## VII.
## CAUSE OF ACTION – FMLA VIOLATION

26. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

27. International SOS Assistance, Inc. is an employer covered by FMLA under 29 C.F.R. § 825.110.

28. Plaintiff took time off to have an emergency operation on his heart.

29. After Plaintiff took leave under FMLA, Defendant retaliated against Plaintiff for taking leave under the FMLA leave by firing him.

30. The FMLA provides that an employer who violates the FMLA shall be liable, without limitation, for the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation, interest on the lost wages and benefits, and liquidated damages equal to the sum of the lost wages and benefits and corresponding interest. 29 U.S.C. § 2617(a).

31. Additionally, the aforementioned acts committed by Defendant were not done in good faith, and were not based on reasonable grounds, and an award of liquidated damages under 29 U.S.C. § 2617(a)(iii) are appropriate.

## VIII.
## CAUSE OF ACTION – RETALIATION

32. Each and every allegation contained in the foregoing paragraphs are realleged as fully written herein.

33. After Plaintiff missed work due to a serious medical condition as allowed under FMLA, Defendant engaged in activities, including the termination of his employment, in retaliation as outlined above in violation of FMLA.

34. As a result of Defendant's retaliation, Plaintiff has suffered loss of wages, bonuses and benefits, both in the past and in the future, as well as emotional pain, mental anguish, emotional and mental impairment and disability, suffering, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in this regard in the future.

## IX.
## DAMAGES

35. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

36. Plaintiff seeks to be made whole and as a result requests all appropriate damages from Defendant that are allowed under the relevant statutes.

37. Plaintiff has lost compensation, for which he seeks back pay, including wages, and benefits.

38. In addition, Plaintiff demands front pay, including but not limited to any and all future lost pay and benefits.

39. Plaintiff took reasonable actions to mitigate his damages.

## X.
## ATTORNEY'S FEES

40. In addition, as a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

## XI.
## JURY DEMAND

41. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## XII.
## RELIEF REQUESTED

42. Plaintiff prays for the following relief:

   a. For actual and liquidated damages for the period of time provided by the law, including appropriate back pay and reimbursement for lost pension, insurance, and all other benefits.

   b. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

   c. For attorneys' fees;

   d. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   e. For pre-judgment and post-judgment interested as allowed by law;

   f. For costs of court, costs of prosecuting Plaintiff's claims;  and

   g. For such other relief to which Plaintiff may be justly entitled.

Dated: January 7, 2018                    Respectfully Submitted,


                                          AHMAD, ZAVITSANOS, ANAIPAKOS,
                                          ALAVI & MENSING, P.C.

                                          __/s/ Joseph Y. Ahmad_____

                    Joseph Y. Ahmad
                    Texas Bar No. 00941100
                    1221 McKinney Street, Suite 2500
                    Houston, Texas 77010
                    Telephone: 713-655-1101
                    Facsimile: 713-655-0062
                    joeahmad@azalaw.com

                    **ATTORNEY FOR PLAINTIFF**